Fbancis X. Conlon, J.
According to the award, the dispute submitted to arbitration was the claim that respondent had violated the collective bargaining agreement by causing garments to be manufactured by other than registered union contractors. There is nothing to indicate that the dispute was limited to any particular transactions or matters.
The award sought to be confirmed states that it is only “ a partial award, without prejudice to the Union proceeding against Burton as to any violations of Article I during this period other than those herein presented”. This was not a final award upon the subject matter submitted, and the award must, therefore, be denied confirmation (Civ. Prac. Act, §§ 1463, 1462, subd. 4). To be a final award upon the subject matter submitted, the award must dispose of all violations for the period involved and cannot leave the petitioner free to establish at a later time, additional violations for said period. The fact that the failure to establish other violations may have been due to respondent’s refusal to produce its books and records does not have the effect of permitting a partial award in violation of subdivision 4 of section 1462.
The motion to confirm is denied, the award is vacated, and the matter is remitted to the arbitrator. It is accordingly unnecessary to consider the claim that there was no basis for a finding that the labor costs totalled not less than 50% of the gross contract amounts.
Settle order.